Brian K. Keeley, WSBA #32121
JACKSON LEWIS P.C.
520 Pike Street, Suite 2300
Seattle, WA 98101
Brian.Keeley@jacksonlewis.com

Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT RICHLAND

| | |
|---|---|
| MELISSA GILMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HDR ENGINEERING INC., a Nebraska corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | No. ____________________<br><br>**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WASHINGTON PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, and 1453 (CAFA)**<br><br>**(from Franklin County Superior Court, Case No. 26-2-50307-11)** |

TO: The Honorable Judges of the U.S. District Court for the Eastern District of Washington;

AND TO: Melissa Gilman, Plaintiff;

AND TO: Nicholas Ferraro, Ferraro Vega Employment Lawyers, Inc., Counsel for Plaintiff.

PLEASE TAKE NOTICE the defendant HDR Engineering Inc. ("Defendant") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453, and removes the above-entitled action to

this Court from the Superior Court of the State of Washington for the County of Franklin based on the Class Action Fairness Act of 2005 ("CAFA").

In support thereof, Defendant asserts the following:

## COMMENCEMENT

1. On March 6, 2026, plaintiff Melissa Gilman ("Plaintiff") filed a Complaint (the "Complaint") against Defendant in the Superior Court of the State of Washington for the County of Franklin. A copy of the Complaint is attached to this Notice as Exhibit A ("Ex. A"). *See* Declaration of Brian K. Keeley ("Keeley Decl.") at ¶3 and Ex. A. The Complaint sets forth the following causes of action against Defendant: (1) Payment of Wages Less Than Entitled in Violation of RCW 49.46.090; (2) Failure to Pay Overtime Wages in violation of RCW 49.46.130; (3) Failure to Provide Rest Break in Violation of WAC 296-126-092; (4) Failure to Provide Meal Periods in Violation of WAC 296-126-092; (5) Failure to Pay All Wages Due at Separation in Violation of RCW 49.48.010; and (6) Willful Refusal to Pay Wages. *See* Ex. A.

2. As stated therein, the Complaint is brought as a putative class action pursuant to Washington Civil Rule 23 on behalf of plaintiff Melissa Gilmore and a putative class defined as "All current and former non-exempt employees who worked for Defendants in Washington at any time from three years prior to the filing



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

of this action through the date of class certification (‘Class Period’).” *See* Att. A at ¶4.2.

3. As of the date of this Notice of Removal, the Superior Court docket shows the pleadings, records, and proceedings on file are limited to the Complaint, Summons, Case Information Cover Sheet, Order Setting Case Schedule, and Affidavit of Service. *See* Verification of State Court Records and Ex. A.

## TIMELINESS OF REMOVAL

4. This Notice of Removal has been filed within thirty (30) days after Defendant was first served with a copy of Plaintiff’s Summons and Complaint on March 17, 2026. *See* Declaration of Heather Berlo (“Berlo Decl.”) at ¶5. Therefore, it has been filed within the time period mandated by 28 U.S.C. § 1446(b). *See* Fed. R. Civ. P. 6; LCR 6; *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 354 (1999) (“[T]he defendant’s period for removal will be no less than 30 days from service, and in some categories, it will be more than 30 days from service, depending on when the complaint is received.”).

## NOTICE TO ALL PARTIES AND STATE COURT

5. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers were or will be served promptly on Plaintiff’s counsel and notice of this removal will be filed



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

with the Clerk of the Franklin County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been or will be followed and satisfied.

**VENUE IS PROPER**

6. This action was filed in the Superior Court in and for the County of Franklin, in the State of Washington. Thus, venue of this action properly lies in the United States District Court for the Eastern District of Washington at Richland pursuant to 28 U.S.C. 1391, providing that an action may be brought in a judicial district where a substantial part of the events or omissions giving rise to the claim occurred. *See* Att. A, ¶¶2.2 ("[T]he specifics acts and omissions alleged herein occurred in Franklin County.").

**REMOVAL BASED ON CLASS ACTION FAIRNESS ACT**

7. Removal of this action is proper under CAFA, 28 U.S.C. §§ 1332 *et seq*. Section 4 of CAFA has been amended to read, in relevant part:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant[.]

28 U.S.C. § 1332(d)(2).

8. In addition, CAFA provides for jurisdiction in the district courts only where the proposed class involves 100 or more members, or where the primary



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

defendants are not States, State officials, or other governmental entities. 28 U.S.C. § 1332(d)(5).

9. As set forth below, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(d), in that it is a civil action filed as a class action involving, based on the allegations in the Complaint, more than 100 members, and the amount in controversy exceeds the sum of $5,000,000, exclusive of interests and costs, and Plaintiff or any member of the purported class is a citizen of a state different from at least one Defendant. *See* 28 U.S.C. § 1332(d), 28 U.S.C. § 1453.

**A. The Putative Class Contains More Than 100 Members.**

10. CAFA provides that the district courts shall not have jurisdiction over class actions where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5).

11. Here, the Complaint defines the purported class as: "All current and former non-exempt employees who worked for Defendants in Washington at any time from three years prior to the filing of this action through the date of class certification ('Class Period')." *See* Att. A at ¶4.2

12. Based on Defendant's employment records, from March 6, 2023 to the present, Defendant employed approximately 265 hourly or non-exempt employees in the State of Washington. *See* Berlo Decl. at ¶9.



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

13. Accordingly, the Class Members meet the numerosity requirement for jurisdiction under CAFA.

**B. Defendant Is Not a Government Entity.**

14. Defendant HDR Engineering Inc. is not a State, a State official, or any other governmental entity. *See* Berlo Decl. at ¶4.

**C. Minimal Diversity Is Satisfied Under CAFA.**

15. The standard for establishing diversity of citizenship under CAFA is different than diversity jurisdiction under 28 U.S.C. 1332(a)–(c). CAFA's diversity requirement is satisfied when there is minimal diversity, *i.e.*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *see Ehrman v. Cox Communs., Inc.*, 932 F.3d 1223, 1226 (9th Cir. 2019).

16. Citizenship of the parties is determined by their citizenship status at the action's commencement. *See Mann v. City of Tucson*, 782 F.2d 790, 794 (9th Cir. 1986).

17. For individuals, citizenship is determined by a person's domicile. *See Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). While residence and citizenship are not the same, a person's place of residence is



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

prima facie evidence of his or her citizenship. *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994) (holding that allegation by party in state court complaint of residency "created a presumption of continuing residence in Wyoming and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"). Furthermore, a person's intention to remain may be established by his or her place of employment. *See Youn Kyung Park v. Holder*, 572 F.3d 619, 625 (9th Cir. 2009).

18. Based on Plaintiff's allegations in the Complaint, Defendant is informed and believes that Plaintiff was, at the time this action was commenced, and still is, a resident and citizen of the State of Washington. *See* Att. A, ¶3.1 ("Plaintiff Melissa Gilman is an individual…residing in Benton County…"). Accordingly, Plaintiff is a citizen of the State of Washington for purposes of removal under CAFA.

19. For purposes of removal under CAFA, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c).

20. With respect to ascertaining a corporation's principal place of business, the United States Supreme Court has adopted the "nerve center test." *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010). Under the nerve center test, a corporation's principal place of business is where a corporation's high-level officers direct, control, and coordinate the corporation's activities. *Id*. A corporation can only have



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

one "nerve center." *Id*. at 93–94. In evaluating where a corporation's "nerve center" is located, courts will look to the center of overall direction, control, and coordination of the company and will no longer weight corporate functions, assets, or revenues in each state. *Id.* at 95–96.

21. Defendant was, at the time Plaintiff filed the Complaint, and presently is a corporation organized under the laws of Nebraska. Berlo Decl. at ¶7. At all relevant times, Defendant's company headquarters, and thus its principal place of business, has been in Omaha, Nebraska. *Id.*; *see also* Keeley Decl., Att. A, ¶3.2 ("Defendant HDR Engineering Inc., is a Nebraska corporation with a principal place of business in Nebraska…"). Defendant's executive and administrative operations are centrally managed from its headquarters in Omaha, Nebraska, where HDR Engineering Inc.'s executive officers maintain their offices. From its headquarters in Omaha, Nebraska, Defendant also makes and implements company-wide operating, distribution, financial, employee relations, marketing, development, customer care, accounting, income tax, treasury, and legal policy decisions. Berlo Decl. at ¶7. Further, Defendant's financial records are maintained there, and its tax returns are filed from there. *Id*. Accordingly, for purposes of removal under CAFA, Defendant is a citizen of the State of Nebraska and is not a citizen of the State of Washington.



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

22. Given the above, minimal diversity exists under CAFA because at least one member of the putative class (Plaintiff) was, at the time this action was commenced—and is still believed to be—a citizen of the State of Washington, while Defendant was—and still is—a citizen of Nebraska.

**D. The Amount in Controversy Exceeds $5,000,000 Based on a Plausible Reading of the Allegations of the Complaint.**[1]

23. Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. § 1332(d)(6). Congress intended federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." Sen. Jud. Comm. Rep., S. REP. 109-14, at 42. Moreover, any doubts regarding the maintenance of class actions in state or federal

---

[1] Defendant denies each and every allegation set forth by Plaintiff in the Complaint and denies that Plaintiff or putative class members are entitled to any damages (whether statutory, actual, or otherwise), injunctive relief, declaratory relief, attorneys' fees, or any other relief. Defendant also denies that this action can proceed as a class action. Notwithstanding the above, removal of this action is proper given that removal is based on the allegations asserted in the Complaint.



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

court should be resolved in favor of federal jurisdiction. S. Rep. 109-14, at 42–43 (“[I]f a federal court is uncertain about whether ‘all matters in controversy’ in a purported class action ‘do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case…. Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly ….”).

24. In determining whether the amount in controversy exceeds $5,000,000, the Court must presume Plaintiffs will prevail on each and every one of their claims. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018) (“[T]he amount in controversy … encompasses all relief a court may grant on that complaint if the plaintiff is victorious.”); *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (holding that “the amount in controversy is not measured by the low end of an open-ended claim”)). Moreover, the argument and facts set forth in the Complaint may appropriately be considered in determining whether the jurisdictional amount in controversy requirement is satisfied. *See Fuller v. Bloom Inst. of Tech.*, 2023 U.S. Dist. LEXIS 203185, at *11 (N.D. Cal. Nov. 13, 2023) (“[T]he defendant’s showing on the amount in controversy may rely on reasonable assumptions.… An assumption may be reasonable if it is founded on the allegations of the complaint.” (internal quotations omitted) (quoting *Arias v. Residence Inn*, 936 F.3d 920, 922, 925 (9th Cir. 2019)).



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

25. Notably, "[t]here is no obligation by defendant to support removal with production of extensive business records to prove or disprove liability and/or damages with respect to plaintiff or the putative class members at this premature (pre-certification) stage of the litigation." *Muniz v. Pilot Travel Ctrs. LLC*, 2007 U.S. Dist. LEXIS 31515, at *15 (E.D. Cal. Apr. 30, 2007) (citing *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994)). Rather, a defendant seeking removal must prove by a preponderance of the evidence that the aggregate amount in controversy exceeds the jurisdictional minimum. *Rodriguez v. AT&T Mobility Servs. Ltd. Liab. Co.*, 728 F.3d 975, 977 (9th Cir. 2013) (holding that "the proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard").

26. In *Dart Cherokee Basin Operating Company, LLC v. Owens*, the United States Supreme Court held that where, as here, the complaint is silent as to whether the amount in controversy meets CAFA's jurisdictional threshold of $5,000,000, "a defendant's notice of removal need include only a *plausible* allegation that the amount in controversy exceeds the jurisdictional threshold[.]" 135 S. Ct. 547, 554 (2014) (emphasis added). Further, "[n]o 'antiremoval presumption attends cases invoking CAFA' because 'Congress enacted [CAFA] to facilitate adjudication of certain class actions in federal court.'" *Adams v. Toys 'R' US – Del.*,



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

*Inc.*, 2015 U.S. Dist. LEXIS 11338, at *5–6 (N.D. Cal. Jan. 29, 2015) (*quoting Dart*, 135 S. Ct. at 554).

27. Moreover, if a plaintiff asserts statutory violations, the court must assume that the violation rate is 100% unless the plaintiff specifically alleges otherwise. *See Muniz v. Pilot Travel Ctrs. LLC,* 2007 U.S. Dist. LEXIS 31515, at *12–13 (E.D. Cal. Apr. 30, 2007) ("As these allegations reveal, plaintiff includes no fact-specific allegations that would result in a putative class or violation rate that is discernibly smaller than 100%, used by defendant in its calculations. Plaintiff is the 'master of [her] claim[s],' and if she wanted to avoid removal, she could have alleged facts specific to her claims which would narrow the scope of the putative class or the damages sought.") (*citing Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see also Arreola v. The Finish Line*, No. 14- CV-03339-LHK, 2014 WL 6982571, at *4 (N.D. Cal. Dec. 9, 2014) ("District courts in the Ninth Circuit have permitted a defendant removing an action under CAFA to make assumptions when calculating the amount in controversy—such as assuming a 100 percent violation rate, or assuming that each member of the class will have experienced some type of violation—when those assumptions are reasonable in light of the allegations in the complaint."); *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1149 (C.D. Cal. 2010) ("[C]ourts have assumed a 100% violation rate in calculating the



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

amount in controversy when the complaint does not allege a more precise calculation.”).

28. The gravamen of Plaintiff’s Complaint is that from March 6, 2023 to the present (the “Class Period”), Defendant (A) failed to pay Plaintiff and Class Members for work performed outside of their scheduled hours (*see* Att. A, ¶¶5.5-5.6); (B) failed to pay for all hours of work by, among other allegations, automatically deducting 30 minutes of unpaid time regardless of whether Plaintiff or Class Members took compliant meal breaks (*id*. at ¶5.7); (C) failed to provide rest breaks and 10 minutes of additional pay for each missed rest break (*id*. at ¶¶5.24, 8.9); and (D) failed to provide meal breaks and 30 minutes of additional pay for each missed meal break (*id*. at ¶¶5.31, 9.9). Plaintiff alleges she and other Class Members are entitled to unpaid wages, overtime, double and treble damages, plus attorneys’ fees and costs. *Id*. at Section XII, ¶¶ F-J.

29. A defendant is not required to identify an exact frequency of violations for purposes of calculating the amount in controversy. For that reason, defendants may ground violation rate assumptions in the language of a plaintiff's complaint. *See Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (finding defendant's violation rate assumptions “plausible” and noting they “may prove reasonable *in light of the allegations in the complaint*”. *Salatino v. Am. Airlines, Inc.*, 719 F. Supp. 3d 1094, 1101–02 (S.D. Cal. 2024).



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

30. Here, Plaintiff alleges she and Class Members were denied meal and rest breaks because they were "expected and required" to be available to work "during their entire shifts" due to work demands, even during attempted breaks. *Id*. at ¶¶ 5.19 and 5.29. It is reasonable to read Plaintiff's allegations as asserting that Plaintiff and Class Members were denied *all* breaks to which they were entitled, without compensation. *Id*.

31. As provided in the supporting declaration submitted herewith, from March 6, 2023 to the present:

a. Defendant employed approximately 265 hourly or non-exempt employees in Washington State ("the Putative Class Members");

b. The Putative Class Members worked five 8-hour days per week;

c. Putative Class Members earned an average rate of $50.41 per hour.

*See* Berlo Decl. at ¶9.

32. Based on the foregoing, it is assumed that Plaintiff and Putative Class Members would be entitled to one meal breaks and two rest breaks per day. Further, the average weekly hours exceeded 40 hours per week when allegedly unpaid meal and rest periods are added, and as such damages for unpaid hours worked are arguably based on overtime rates. As part of her claims, Plaintiff is also seeking a



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

doubling and tripling of the alleged wage-based damages.[2] (*See* Att. A, Section XII, ¶¶ G-H).

33. Plaintiff also seeks an unspecified amount of attorneys' fees in the Complaint, which the Court should consider and include in the amount in controversy. *See* Att. A, Section XII, ¶¶ J; *see also, e.g., Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998). Attorneys' fee awards in Washington wage-hour class actions can easily total several hundreds of thousands of dollars or more. Moreover, the Ninth Circuit has held "that the amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal)." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414 (9th Cir. 2018). "Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Id.* at 414–15; *see also Lucas v. Michael Kors (USA) Inc.*, No. CV 18-1608-MWF (MRWx), 2018 U.S. Dist. LEXIS 78510, at *32 (C.D. Cal.

---

[2] While Defendant denies double or triple damages apply, Defendant nonetheless may base the amount in controversy on allegations in the complaint. *See Fuller, supra*, 2023 U.S. Dist. LEXIS 203185, at *11.



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

May 9, 2018) ("[U]naccrued post-removal attorneys' fees can be factored into the amount in controversy.").

34. "Courts in this circuit have held that, for purposes of calculating the amount in controversy in a wage-and-hour class action, removing defendants can reasonably assume that plaintiffs are entitled to attorney fees valued at approximately twenty-five percent of the projected damages." *Fong v. Regis Corp.*, No. C 13-04497 RS, 2014 U.S. Dist. LEXIS 275, at *23 (N.D. Cal. Jan. 2, 2014); *see also Herrera v. Carmax Auto Superstores Cal.*, LLC, No. EDCV-14-776-MWF (VBKx), 2014 U.S. Dist. LEXIS 188729, at *12 (C.D. Cal. June 12, 2014) ("Substantial authority supports a 'benchmark' 25 percent attorneys' fees figure to be added to any claim for which attorneys' fees are available."); *Hamilton v. Wal-Mart Stores, Inc.*, No. ED CV 17-01415-AB (KKx), 2017 U.S. Dist. LEXIS 162856, at *16 (C.D. Cal. Sep. 29, 2017) ("The Ninth Circuit has allowed an estimate fee award of 25% of a plaintiff's damages in calculating the amount in controversy under CAFA."); *Gutierrez v. Stericycle, Inc.*, No. LA CV15-08187 JAK (JEMx), 2017 U.S. Dist. LEXIS 20975, at *51 (C.D. Cal. Feb. 14, 2017) ("[I]t is appropriate to include in the calculation of the amount in controversy a potential fee award of 25% of the value of certain of the substantive claims.").

35. The Court should therefore also consider attorneys' fees of at least 25 percent of the aggregate amount in controversy calculated below. *See, e.g., Oda*



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

*v. Gucci Am., Inc.*, 2015 U.S. Dist. LEXIS 1672, at *11–13 (C.D. Cal. 2015) (finding the defendant's assumptions regarding attorneys' fees to be "reasonable" on removal where the defendant assumed plaintiffs would recover a 25 percent attorney's fee).

36. Based on the foregoing, and assuming Defendant's non-exempt employees in the State of Washington were wholly denied their meal periods and rest breaks as Plaintiff alleges and were thus underpaid overtime hours during the Class Period, the amount in controversy well exceeds $5,000,000 as calculated below.

37. Based on the Putative Class Members over the course of the Class Period, Defendant calculates the claimed damages as follows:

a. In a representative or typical workweek, employees worked five 8-hour shifts and would have been entitled to one 30-minute meal period and two 10-minute rest periods per shift; under the allegations in Plaintiff's complaint, compensation for breaks not received has been calculated at overtime rates;

b. In a representative or typical workweek, the average rate for these employees was $50.41 per hour;

c. Based on a sampling of 150 Putative Class Members, over the three-year period alleged in the Complaint, the total pay for allegedly missed or unpaid meal and rest periods, assuming a 100% violation rate is:



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

| **Meal Break** | |
|---|---|
| Sample Employees | 150 |
| Meal Breaks / shift | 1 |
| Meal Break duration | 0.5 |
| Auto-deduction for meal break | 0.5 |
| Total Shifts | 56,658[i] |
| Total Meals (hours): | 28,329 |
| Pay rate | $50.41 |
| **Total Auto-deduct/Off-the-Clock (pay)** | **$1,428,064.89** |
| **Total Meals (pay):** | **$1,428,064.89** |

| **Rest Breaks** | |
|---|---|
| Sample Employees | 150 |
| Rest Breaks / shift | 2 |
| Rest Break duration | 0.1667 |
| Total Shifts | 56,658 |
| Total Rest Breaks (hours): | 18,889 |
| Pay rate | $50.41 |
| **Total Rest Breaks (pay):** | **$952,233.67** |

| | |
|---|---|
| Subtotal (straight-time) | $3,808,363.45 |
| X .5 (overtime premium) | $1,904,181.72 |
| **Total Wages** | **$5,712,545.17** |

38. For just this sample of Putative Class Members, the subtotal of alleged unpaid meal and rest periods, plus unpaid overtime equals **$5,712,545.17**. Doubling those alleged damages yields **$11,425,090.35**, and adding attorney's fees of 25 percent would total **$14,281,362.93**. The alleged damages are even higher when all Putative Class Members are included and if Plaintiff's alleged treble damages are applied.



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

39. Moreover, even if Defendant assumed only one rest break violation per shift, the alleged damages for the sample employees total $9,996,739.84, *before* adding 25 percent attorney's fees. Going one step further and reducing the alleged violation rate to only 70% of shifts for sample employees, the total before attorney's fees is $6,997,717.89, which rises to $8,747,147.36 after adding 25 percent attorney's fees. Again, alleged damages are even higher when all Putative Class Members are included and if Plaintiff's alleged treble damages are applied.

40. In *Rea v. Michaels Stores Inc.*, 742 F.3d 1234 (9th Cir. 2014), in support of the amount in controversy under CAFA in a class action for alleged misclassification of exempt employees, Michaels submitted a declaration from its Vice President of Field Human Resources showing that Michaels' managers were expected to work at least 45 hours a week normally, and 50 hours a week during the holiday season. Michaels also submitted a letter sent by the plaintiffs in connection with settlement negotiations where the plaintiffs valued their claim at over $5,000,000. The named plaintiffs all testified that they worked at least 45 hours each week. No evidence to the contrary was submitted. *Id.* At 1239. The Court held this evidence sufficient to establish the amount in controversy. Here, Defendant has submitted more evidence than the Defendant in *Rea*, with its Declaration of Heather Berlo, who attests to her review of employee records, shift information and average hourly pay, applied to Plaintiff's allegations to arrive at the amount in controversy,



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

which exceeds the statutory minimum. The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will *actually* owe. *Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 986 (S.D.Cal.2005); *see also Scherer v. Equitable Life Assurance Society of the United States*, 347 F.3d 394, 399 (2d Cir.2003) (recognizing that the ultimate or provable amount of damages is not what is considered when determining the amount in controversy; rather, it is the amount put in controversy by the plaintiff's complaint).

41. Here, Plaintiff alleges that she and all Class Members – here, 265 individuals -- were regularly denied meal and rest periods and resulting overtime pay. In calculating the alleged amount in controversy based on Putative Class Members, this figure far exceeds the jurisdictional minimum. The burden to establish the statutory minimum is not "daunting," as courts recognize that under this standard, a removing defendant is not obligated to "research, state, and prove the plaintiff's claims for damages." *McCraw v. Lyons*, 863 F.Supp. 430, 434 (W.D.Ky.1994).

42. Further, the strength of Defendant's defenses is irrelevant to determining the amount in controversy. "The amount in controversy represents only the 'amount at stake in the underlying litigation,' not the likely liability." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 (9th Cir. 2020) (quoting *Gonzales v. CarMax Auto Superstores, Ltd. Liab. Co.*, 840 F.3d 644, 648 (9th Cir. 2016)). "We



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

have held that the 'strength of any defenses indicates the *likelihood* of the plaintiff prevailing; it is irrelevant to determining the amount that is at stake in the litigation.'" *Id.* (quoting *Arias v. Residence Inn*, 936 F.3d 920, 928 (9th Cir. 2019)). "In other words, 'just because a defendant might have a valid defense that will reduce recovery to below the jurisdictional amount does not mean the defendant will ultimately prevail on that defense.'" *Id.* (quoting *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1108 (9th Cir. 2010)).

43. Therefore, for the reasons discussed above, and without conceding or admitting to the underlying merit of Plaintiff's claims, or whether Plaintiff's claims are amenable to class treatment, the aggregate amount in controversy in connection with Plaintiff's putative class claims far surpasses the $5,000,000 jurisdictional threshold required under CAFA based on the causes of action alleging failure to provide meal periods, rest breaks, and underpaid overtime and attendant alleged damages.

## CONCLUSION

Based on the foregoing, Defendant hereby respectfully removes the above-captioned action from the Pierce County Superior Court to this Court based on CAFA requirements (28 U.S.C. §§ 1332(d), 1441, 1446 and 1453), and respectfully requests that this Court retain jurisdiction for all further proceedings.



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

DATED this 15th day of April, 2026.

JACKSON LEWIS P.C.

By: *s/ Brian K. Keeley*
Brian K. Keeley, WSBA #32121
520 Pike Street, Suite 2300
Seattle, WA 98101
Telephone (206) 626-3802
Brian.Keeley@jacksonlewis.com

Counsel for Defendant



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

## DECLARATION OF SERVICE

The undersigned declares under penalty of perjury under the laws of the United States of America that a true and accurate copy of the document to which this declaration is affixed was filed with the Clerk via the CM/ECF System, and sent to the following:

Nicholas J. Ferraro, WSBA #59674
FERRARO VEGA EMPLOYMENT LAWYERS, INC.
3333 Camino del Rio South, Suite 300
San Diego, CA 92108
Telephone: (619) 693-7727
Facsimile: (619) 350-6855
Email: nick@ferrarovega.com

Counsel for Plaintiff

☒ via CM/ECF System
☒ via Electronic Mail
☒ via USPS Mail
☐ via Federal Express
☐ via Hand-delivery
☐ Other: ____________________

DATED this 15th day of April, 2026.

______________________________
Tanya Stewart



**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404